## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | Case No.: 13-34374-H4-11 |
| | § | |
| **GENESIS PRODUCING** | § | |
| **COMPANY, LP** | § | (Chapter 11) |
| | § | |
| Debtor in Possession. | § | |

_____

| | | |
|---|---|---|
| | § | |
| **GENESIS PRODUCING** | § | |
| **COMPANY, LP** | § | |
| | § | |
| **VS** | § | |
| | § | **ADVERSARY NO.** _____ |
| **SMITH BIG OIL CORPORATION,** | § | |
| **TODD M. SMITH, J. MORGAN SMITH,** | § | |
| **PHILIP N. BELL and JAMES A.** | § | |
| **WHITSON** | § | |
| | § | |

### DEBTOR'S EMERGENCY COMPLAINT, REQUEST FOR TEMPORARY RESTRAINING ORDER, AND REQUEST FOR ORDER DIRECTING THE DEPOSIT OF FUNDS INTO THE REGISTRY OF THE UNITED STATES BANKRUPTCY CLERK

GENESIS PRODUCING COMPANY, LP, debtor-in-possession, files this complaint against SMITH BIG OIL CORPORATION, TODD M. SMITH, J. MORGAN SMITH, PHILIP N. BELL and JAMES A. WHITSON, and for its causes of action, would respectfully show the court as follows:

### PARTIES

1.     Plaintiff GENESIS PRODUCING COMPANY, L.P. ("the Debtor") is a Texas limited liability partnership doing business in Texas with its principal office located at 1413 Brittmoore Road, Suite 104, Houston, Texas 77043.

2.     Defendant SMITH BIG OIL CORPORATION ("SBO") is a Texas corporation doing business in Texas and may be served with the summons and complaint by serving its

president, sole shareholder and registered agent, Todd M. Smith, whose residence and registered address is 8015 Golden Harbour, Missouri City, Texas 77459.

3.      Defendant TODD M. SMITH ("Smith") is an individual and the sole director, officer and shareholder of SBO and may be served with the summons and complaint at 8015 Golden Harbour, Missouri City, Texas 77459.

4.      Defendant J. MORGAN SMITH ("JMS") is an individual and may be served with the summons and complaint at 2314 Robinson's Ferry, Sugar Land, Texas 77479.

5.      Defendant PHILIP N. BELL ("Bell") is an individual and may be served with the summons and complaint at 217 Bayridge Drive, Corpus Christi, Texas  78411.

6.      Defendant JAMES A. WHITSON, JR. ("Whitson") is an individual and may be served with the summons and complaint at 7660 Woodway, Suite No. 312, Houston, Texas 77063.

## JURISDICTION & VENUE

7.      This court has jurisdiction over this case pursuant to 28 U.S.C. §§ 1334 and 157. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (H) and (O).  This Court has authority to hear all claims asserted by the Debtor in this complaint.  Venue is proper in this Court pursuant to 28 U.S.C. § 1409, as the main bankruptcy case is pending in this Court.

## FACTUAL BACKGROUND

8.      The Debtor is in the business of oil and gas exploration and the purchase and sale of oil, gas and mineral leases in Texas and other states.  The Debtor was established under the Texas Revised Limited Partnership Act on August 21, 2007.

9.      JMS is the sole limited partner of the Debtor.  J. MORGAN SMITH, INC., a Texas corporation, is the general partner of the Debtor.  Smith is the biological son of JMS.

10.     JMS is 73 years of age and has not been in good health but his health is improving and he will undergo eye surgery in a few weeks.  The business of the Debtor has slowly declined over the past several years and its assets consist of a few remaining oil, gas and mineral leases. The Debtor's business owes material sums of money to many of its vendors/creditors, and it has been beguiled into entering into certain transactions in anticipation of collection suits being filed by its creditors based on the advice obtained from one of its former longtime employees and officers, Philip N. Bell.  Philip N. Bell said he got the advice to do so from the Debtor's attorney who supposedly said it was proper to assign a lease for oil, gas and other liquid or gaseous materials dated January 12, 2005, by and between the Louisiana State Mineral Board, as Lessor, and South Coast Production Company, Ltd., as Lessee, to SBO to protect the Debtor from the collection suits.

11.     Specifically, the Debtor owns all the right, title and interest in and to a lease for oil, gas and other liquid or gaseous materials dated January 12, 2005, by and between the Louisiana State Mineral Board, as Lessor, and South Coast Production Company, Ltd., as Lessee, recorded in ML 139, Page 741, Conveyance Records of Jefferson Parish, Louisiana, otherwise identified as State Lease 18441 (the "Lease").  Payments under the Lease fluctuate month to month and year to year.  In connection with the Lease, the Debtor receives a monthly payment in the average approximate sum of $12,000.00 from Whitson on or about the 28th day of each calendar month and has so received said payment each calendar month since approximately May 2007.  There is currently $118,262.14 on deposit with the registry of the 152nd Judicial District Court of Harris County, Texas, under Cause No. 2012-30652 styled *GENESIS PRODUCING COMPANY, L.P. VS. SMITH BIG OIL CORPORATION, ET AL.* The next payment of approximately $12,000.00 is scheduled to be deposited into the registry of said Court on or before August 28, 2013.

12.     On April 11, 2012, JMS as the president of the general partner of the Debtor, executed an assignment (the "Assignment", which is set out as Exhibit "A" hereto) prepared by Philip N. Bell assigning the Lease to JMS's son's company, SBO.  The Assignment was to be effective as of April 1, 2012.  The Assignment was intended to transfer all right, title and interest of the Debtor in and to the Lease.  The transfer was actually made solely for the purpose of protecting the income and revenues received on the Lease for the benefit of the Debtor and protecting income and revenues from the claims of certain creditors of the Debtor, and was done on the fraudulent assurances of Bell to JMS that it was legally proper based on the alleged advice of Debtor's counsel.  Prior to defendant SBO's acceptance of the Assignment, Debtor revoked the Assignment as it was determined to be a fraud on creditors.

13.     Notably, neither Smith nor SBO paid any consideration for the Assignment of the Lease.  The language of the Assignment reflects no intent to "gift" any right, title or interest in the property purportedly assigned thereby.  To the contrary, JMS's purpose in reliance on the assertions of Bell, was to protect the Debtor's right, title and interest in the assigned property in anticipation of Debtor's creditors' collection efforts, as he believed that it was legally proper to do so, and was routinely done.  Smith and SBO agreed to the stated purpose of the Assignment and understood that it was never intended to actually convey actual ownership in the Lease or to actually convey any of the income or revenues to be derived therefrom.

14.     On numerous and several occasions (including 2 days after the Assignment was made) the Debtor and/or its attorney made demand on Smith and/or SBO to execute a reassignment of the Lease to the Debtor.  Smith and/or SBO have refused all entreaties for them to do the right thing and reassign the Lease to the Debtor, and on one occasion, Smith requested that JMS agree on behalf of the Debtor to divide the income derived from the Lease equally as a compromise.   At this time, the revenue/income from the Lease is the Debtor's principal

revenue/income.   On April 30, 2012, Debtor's counsel sent the attached notice (Exhibit "B" hereto) that the Assignment was made "[t]hrough error, mistake or fraud" and demanded that Whitson continue making payments thereon to the Debtor.   On May 10, 2012, Smith's counsel sent the attached response (Exhibit "C" hereto) claiming the Assignment "was part of a legitimate business transaction" and instructed that all payments be made to Smith and/or SBO.

15.    Due to the fact that Smith and/or SBO and/or Bell have taken advantage of the situation and Smith's and/or SBO's refusal to honor the true objective of the Assignment, the Debtor was forced to file the lawsuit seeking injunctive relief which was referenced above.   That lawsuit (Cause No. 2012-30652) was voluntarily dismissed by the Debtor, and bankruptcy was filed.

**FRAUDULENT TRANSFER**

16.    On April 11, 2012, JMS on behalf of the Debtor transferred the Lease to SBO under the Assignment.   Because JMS had no basis to distrust Bell's misinformation that the Assignment was legally proper, the basic purpose of the transfer was to hinder, delay or defraud creditors and to avoid loss of the asset to the claims of creditors.

17.    SBO and Smith were at the time of the transfer "insiders" because, among other reasons, SBO's sole officer and sole shareholder, Smith, is the son of the president of the general partner of the Debtor.

18.    The Debtor submits that the Assignment is a fraudulent transfer that may be avoided by the court pursuant to 11 U.S.C. § 548.   Prior to the Assignment, the Debtor was sued and/or threatened with suit.   The transfer of the Lease under the Assignment was made to an "insider" of the Debtor.   Relying on Bell's fraudulent representation, JMS caused the transfer with actual intent to hinder, delay or defraud creditors.   Alternatively, JMS caused the Debtor to make the transfer without receiving a reasonably equivalent value in exchange, and the Debtor

(a) was insolvent when the Assignment was made or became insolvent as a result of the transfer, (b) was engaged or was about to engage in a business or transaction for which Debtor's remaining assets were under-capitalized, or (c) intended to incur or believed that Debtor would incur debts beyond Debtor's ability to pay as they became due.

19.     The Debtor submits that the Assignment by JMS on behalf of the Debtor is a fraudulent transfer that may be avoided by the court pursuant to Texas Business and Commerce Code §§ 24.005 and 24.006, and 11 U.S.C. §§ 544 and 550.  Prior to the Assignment, the Debtor was sued and/or threatened with suit.  The transfer of the Lease under the Assignment was made to an insider of the Debtor.  JMS, on what he believed was legitimate advice of counsel, made the transfer on behalf of the Debtor with actual intent to hinder, delay or defraud creditors. Alternatively, JMS made the transfer without the Debtor receiving a reasonably equivalent value in exchange, and the Debtor (a) was insolvent when the Assignment was made or became insolvent as a result of the transfer, (b) was engaged or was about to engage in a business or transaction for which the Debtor was under-capitalized, or (c) intended to incur or believed that the Debtor would incur debts beyond the Debtor's ability to pay as they became due.

20.     Pursuant to 11 U.S.C. § 550 and Texas Business and Commerce Code § 24.013, the Debtor is entitled to recover the Lease made under the Assignment to SBO, together with pre-judgment and post-judgment interest, attorney's fees and court costs.

## BREACH OF CONTRACT

21.     Alternatively, to the extent the Debtor and SBO entered into a valid contract, which is not admitted herein, then the Debtor performed, substantially performed, or was excused from performing its contractual obligations.  The Assignment recites "in consideration of Ten Dollars paid by Smith Big Oil Corp., a Texas corporation, and the further consideration hereinafter mentioned" as the sole consideration paid by SBO for the Lease.  Any presumption

under Texas law that the stated consideration was paid can and will be rebutted by the fact that no consideration whatsoever was paid by Smith or SBO and therefore the consideration for the Assignment is not legally adequate.  Smith and SBO materially breached the Assignment for failure to pay the consideration and observe the obligations under the Lease covered by the Assignment.

22.     As a direct and proximate cause of SBO's breach, Debtor has suffered actual damages and, in the alternative to damages, requests a full rescission of the contract.

## RESCISSION

23.     Debtor has no adequate remedy for damages and seeks to avoid the Assignment on the grounds of equity.  Debtor is not in breach of the Assignment.  Smith and SBO materially breached the Assignment for failure to pay the consideration and observe the obligations under the Lease covered by the Assignment.  The Assignment is marred by fraud, which requires the Court to set it aside to avoid unjust enrichment.  The Assignment is also marred by unilateral and mutual mistake thereby justifying rescission of the contract.

24.     Debtor has "clean hands" and requested an immediate return of the Assignment upon learning it was executed for an illegal purpose.  Debtor has received no benefit from the Assignment whatsoever.  Accordingly, Debtor requests that the Court rescind the Assignment for the reasons stated above and to set aside the Assignment to avoid unjust enrichment.

## UNJUST ENRICHMENT

25.     By virtue of the Lease covered by the Assignment, Smith and SBO have wrongfully secured a benefit or have passively received a benefit that would be unconscionable to retain.

26.     Debtor is entitled to recover under the theory of unjust enrichment because Smith and/or SBO obtained the Assignment by fraud, duress, or other taking of an undue advantage.

## CONSTRUCTIVE TRUST

27.     A constructive trust is an equitable remedy to prevent unjust enrichment where there is a fiduciary or confidential relationship or when there has been actual fraud. *Swinehart v. Stubbeman, McRae, Sealy, Laughlin & Browder, Inc.*, 48 S.W.3d 865, 878 (Tex. App.--- Houston [14th Dist.] 2001, pet. denied) (op. on reh'g).

28.     Smith, SBO and Bell have committed actual fraud by inducing the conveyance of the Assignment, as more fully set out above.  Further, a fiduciary or confidential relationship existed between Debtor and its principal, JMS, and the Defendants Smith and Bell.  Smith is JMS' biological son.  Bell was a long-standing employee and officer of the Debtor and an officer of the Debtor's general partner.  Defendants Smith and Bell breached their fiduciary or confidential relationship resulting in the unjust enrichment of SBO.  The damages incurred can be traced to an identifiable res in the form of the oil and gas lease covered by the Assignment.

29.     To the extent necessary, if at all, which is denied, Debtor asserts it suffered actual damages as the actual and proximate cause of the Defendants', Smith, SBO and Bell's, breach of their fiduciary and/or confidential relationship.

## FRAUDULENT INDUCEMENT

30.     Defendant Bell made certain representations to the Debtor and its principal, JMS that were false. Specifically, Bell represented that Debtor should execute the Assignment to protect the revenues from the oil and gas leases covered by the Assignment from creditors.  Bell alleged that the advice to protect the Debtor from creditors came from the Debtor's attorney and the Assignment would legally protect the Debtor from the claims of its current and future creditors.  The statement by Bell was fraudulent and JMS on behalf of the Debtor detrimentally relied on Bell's fraudulent misrepresentation.  Bell knew that the misrepresentation was fraudulent and inaccurate.

31.     When Bell made the representations regarding the purpose for the Assignment he knew the representations were false, or made the representations recklessly, as positive assertions, and with knowledge of its untruth.  Bell made the representations with the intent that the Debtor and its principal, JMS, act on them by executing the Assignment as president of the general partner of the Debtor.

32.     JMS on behalf of the Debtor relied on the representations by executing the Assignment.  Upon learning of the falsity of the representations and before the Assignment was executed by SBO, the Debtor, by and through its principal, JMS, requested that the Assignment be returned.  Smith stated that he would return the Assignment on behalf of SBO but later refused to do so.  The Debtor, by and through its principal, JMS, relied on the representation and promise of Smith to return the Assignment by not seeking court intervention any sooner than it did and thereby allowed Smith the time to execute the Assignment and drive to the State of Louisiana for the sole purpose of filing the Assignment in the appropriate property records in that state and committing the very fraud alleged herein.

33.     As a direct and proximate cause of the defendants' false representations, the Debtor has suffered actual damages and requests the equitable relief herein.

## CIVIL CONSPIRACY

34.     Defendants Smith, SBO and Bell were members of a combination of two or more persons.  The object of the combination was to accomplish an unlawful purpose, or a lawful purpose by unlawful means.  These defendants had a meeting of the minds on the object or course of action to obtain execution of the Assignment.  At least one of the members committed an unlawful, overt act to further the object or course of action.

35.     As a direct and proximate cause of the wrongful act, the Debtor suffered actual damages and requests equitable rescission of the contract.

## DEPOSIT OF LEASE REVENUES IN COURT REGISTRY

36.     The Debtor requests that the revenues from the Lease currently in the amount of **$118,262.14** that are on deposit in the Harris County court registry and any funds subsequently due from Whitson under the Lease be transferred or paid into this Court's registry pending the outcome on the merits of the causes of action asserted in this complaint.

## REQUEST FOR TEMPORARY RESTRAINING ORDER

37.     The Debtor realleges and incorporates by reference here as if restated verbatim Paragraphs 1-36 of this Complaint and Application for Temporary Restraining Order.

38.     The Debtor is entitled to temporary injunctive relief as requested upon showing three specific elements:

a)     Defendants' wrongful acts
b)     Probable right of recovery
c)     Probable injury (imminent, irreparable harm without adequate remedy at law)

The affidavit of JMS is attached hereto in support of the Application for a Temporary Restraining Order.

*See, e.g.* **Sun Oil Co. v. Whitaker,** 424 S.W.2d 216, 218 (Tex. 1968).

39.     Smith's and SBO's acts and omissions constitute continuing serious breaches of Debtor's rights under the Assignment and constitute substantial interference with, obstruction of, and disruption of (i) Debtor's ownership interests in the Lease (ii) the right to receive the revenues and income from the Lease and (iii) the right to the operation, management and maintenance of the Lease.

40.     Smith's and/or SBO's current actions and any additional attempts on behalf of Smith and/or SBO to interfere with or adversely affect Debtor's receipt of the Lease revenues and income (i) would substantially and severely damage Debtor's ability to realize and protect its rights under the Lease and the value of the revenue and income stream flowing from the Lease as

well as the viability of the Debtor itself, (ii) would be intentional and malicious and without justification, (iii) would create damage and other irreparable harm to the Debtor which there is no adequate remedy at law, and (iv) would result in other consequential damages to the Debtor.

41.     Smith, and to the extent Smith is using or intends to use SBO to perpetuate these actions, SBO's interference with or disruption, conversion or misappropriation of the Lease revenues and income and other receivables constitute immediate and irreparable harm and the threat of ongoing irreparable harm to the Debtor's rights and ownership interests in the Lease and its revenues and income.

42.     The Debtor has shown a clear right to recover against Smith and/or SBO to the extent Smith and/or SBO have breached the Assignment, have interfered, obstructed, disrupted, converted or misappropriated the Lease revenues and income and other receivables and other breaches of the Assignment.

43.     The Debtor requests the Court enter a temporary restraining order against Smith, SBO and Whitson, each acting individually and/or as officers, directors or shareholders of SBO, and those acting in concert with them as follows, to-wit:

a)      A temporary restraining order against Whitson from paying the revenues and income from the Lease to Smith or SBO;

b)      A temporary restraining order against Smith and SBO or anyone in concert with them or Cause No. 2012-30652 from receiving, holding or collecting the revenues and income from the Lease or those funds deposited in the registry of the 152nd Harris County District Court;

c)      A temporary restraining order against Smith and SBO from selling or transferring or attempting to sell or transfer any interest in the Lease or revenues or income flowing from the Lease to any party other than the Debtor;

d)      Using, expending or in any way disbursing all or portions of any revenues or income from the Lease currently held by Smith or SBO or others in concert with them for any reason without first obtaining the written approval and agreement of the Debtor;

- 11 -

e)      Issuing any self-serving directives, written or oral to Whitson requesting payment of the revenues and income from the Lease; and

f)      Taking any action to dissolve SBO or change or modify any of the Articles of Incorporation, Bylaws or other documents affecting SBO filed with or to be filed with the state or federal government or other entity with jurisdiction over SBO until the suit has been fully resolved.

44.      The Debtor requests that after notice and hearing the temporary restraining order requested herein also be made into a temporary injunction prohibiting Smith, individually or as a director, officer or shareholder of SBO, or any others acting in concert with him or SBO, from each of the items outlined under subparagraphs a) through f), both inclusive, of paragraph 32 above which are incorporated herein by reference as if recited verbatim here.

## PROBABLE RIGHT OF RECOVERY

45.      Debtor has shown a probable right of recovery from Smith and SBO because Smith acting individually and as the sole officer, sole director and sole shareholder of SBO, has egregiously violated and breached the terms of the Assignment, has interfered with, disrupted, converted or misappropriated the revenues and income and other receivables of the Lease to the detriment of Debtor and its creditors and has paid no consideration whatsoever for same and has failed and refused to comply with or respond to the entreaties and demands of either the Debtor or its counsel, Jeffrey J. Tompkins or Christopher D. Nunnallee to return the Lease so assigned.

## PROBABLE INJURY

### Imminent Irreparable Harm Without Adequate Remedy at Law

46.      The Debtor will suffer imminent, irreparable harm for which it has no adequate remedy at law if the Court does not enjoin Smith and SBO as requested.  Smith, acting individually and as officer, director and shareholder of SBO, and SBO have clearly demonstrated their disregard for (i) the covenants and obligations under the Assignment, and (ii) the original and only purpose of the Assignment.  If Smith, acting individually and as an officer, director and

shareholder of SBO, and SBO are not enjoined as requested, they (a) have threatened to and will take possession of the revenues and income from the Lease and thereby prevent the rightful party from the benefits of or the value of the Lease, (b) will continue to disregard their covenants and obligations to pay consideration under the Assignment, and (c) will continue to convert, misappropriate or misdirect the revenues and income and other receivables from the Lease to their own use, causing Debtor and its creditors to suffer both immediate economic loss as well as immediate loss to and damage to the economic viability of the Debtor.  Since Smith and SBO are insolvent and have misappropriated, converted or misdirected funds, revenues and income and other receivables of the Lease, which once commingled or disbursed in violation of the Assignment and contractual obligations by Smith and SBO, would be difficult to account for and retrieve after trial of the issues and since Smith's and SBO's abuse and inappropriate communications and actions toward Whitson will undeniably taint the Debtor's ability to survive and will subject the rights of the Debtor under the Assignment to other abuse, harm or loss if Smith and SBO are allowed to continue their actions, the Debtor has no adequate remedy at law if the Court does not prohibit Smith and SBO from  continuing their wrongful conduct.

## ATTORNEY FEES

47.    Smith's and SBO's acts and omissions, breaches and repudiation of the Assignment have required the Debtor to retain the services of Jeffrey J. Tompkins and Christopher D. Nunnallee, licensed attorneys, to represent its interests.  By reason of the foregoing circumstances and Chapter 38 of the Texas Civil Practices and Remedies Code, Debtor should be entitled to recover attorney fees in a sum that is reasonable in relation to the amount of work expended, which reasonable fees are already in excess of $15,000.00 as of the time of filing of this action and which amount through trial will be shown at trial.  The Debtor requests reasonable attorney fees in the amount of $18,500.00 in the event of an appeal to the Texas Court

of Appeals and in the further amount of $27,000.00 in the event any party files a petition for review with the Texas Supreme Court and in the further amount of $15,000.00 in the event any party files a brief on the merits with the Texas Supreme Court.

## REQUEST FOR TEMPORARY INJUNCTION

48.     The Debtor asks the Court to grant a temporary restraining order and set its Application for Temporary Restraining Order for hearing, and after hearing the Application, issue a temporary injunction against Smith, individually and as the sole officer, sole director and sole shareholder of SBO, and against SBO restraining them as requested.

## REQUEST FOR PERMANENT INJUNCTION

49.     The Debtor asks the Court for a permanent injunction after a full trial on the merits in this case.

## CONDITIONS PRECEDENT

50.     All conditions precedent have occurred or been waived

## PRAYER

WHEREFORE, PREMISES CONSIDERED, the Debtor prays that it have judgment against defendants jointly and severally as requested above, and that it have such other and further relief to which it may show itself justly entitled.

Respectfully submitted,

/s/ Jeffrey J. Tomkins

_____

JEFFREY J. TOMPKINS
TSB 15002200
1413 Brittmoore Road, Suite 108
Houston, Texas 770434005
Telephone: (713) 787-5333
Facsimile: (713) 787-5334

**ATTORNEY FOR PLAINTIFF**

**OF COUNSEL:**

CHRISTOPHER D. NUNNALLEE
TSB 24025568
1413 Brittmoore Road, Suite 108
Houston, Texas 77043-4005
Telephone: (713) 787-5333
Facsimile: (713) 787-5334

MARGARET MAXWELL MCCLURE
TSB 00787997
909 Fannin, Suite 3810
Houston, Texas 77010
(713) 659-1333
(713) 658-0334 (facsimile)
Margaret@mmmcclurelaw.com

## AFFIDAVIT IN SUPPORT OF COMPLAINT

| | |
|---|---|
| **STATE OF TEXAS** | § |
| | § |
| **COUNTY OF HARRIS** | § |

BEFORE ME, the undersigned authority, on this day personally appeared J. MORGAN SMITH, president of J. MORGAN SMITH, INC., a Texas corporation and sole general partner of GENESIS PRODUCING CO, LP, a Texas limited partnership, Plaintiff, who being by me first duly sworn, stated on oath the following:

1.      "My name is J. MORGAN SMITH.  I am president of J. MORGAN SMITH, INC., sole general partner of GENESIS PRODUCING CO., LP, and am duly qualified and authorized to make this affidavit.  This affidavit is based on my personal knowledge.

2.      On April 11, 2012 I was called by GENESIS PRODUCING CO, LP's Landman and Vice President of J. MORGAN SMITH, INC., the general partner of GENESIS PRODUCING CO, LP, PHILIP N. BELL and told that he would be coming to my home in Rockport, Texas to have me sign several documents.  One of those documents was the Assignment of La. State Lease 18441 from GENESIS to my son's company, SMITH BIG OIL CORP.  PHILIP told me that this was to get this asset out of the reach of GENESIS' creditor's, but I would continue to receive the revenues.

3.      On April 13, 2012, a meeting was held at the GENESIS office with my son, TODD M. SMITH, my wife, BEVERLY SMITH, PHILIP N. BELL, AVINASH AHUJA and myself to discuss GENESIS' business.  Upon questioning by BEVERLY SMITH, PHILIP assured me that he had been advised by a GENESIS attorney, SCOTT TAYLOR, that the Assignment was legal and necessary.  PHILIP told me that he wanted to be able to tell all of GENESIS' creditors that GENESIS had no assets so that they would stop their demands for payment.

4.      TODD confirmed that all revenues from State Lease 18441 would flow through SMITH BIG OIL CORP to me.  It was my understanding that I could get this Assignment back into GENESIS' name at any time in the future upon asking.

5.      Upon continued questioning, I began to suspect that the Assignment PHILIP had me sign two days earlier could put GENESIS in the position of defrauding creditors.

6.      When I realized that, I immediately asked for the Assignment back from TODD. TODD said that he was not in possession of it.  PHILIP said that he had put it into the mail to TODD'S residence for TODD to sign.  I asked TODD to return it unsigned as soon as he received it.  He agreed.

7.     On at least three occasions during the next ten days I spoke with TODD and asked for it back and he said that he would give it back.   Upon being pressed for the return on the Assignment, TODD finally confessed that he had already signed the Assignment and had taken it to Louisiana to be recorded in the Jefferson Parish real property records.

8.     I demanded that TODD reassign it and an Assignment from SMITH BIG OIL CORP. to GENESIS for La. State Lease 18441 was emailed to him.   At first he agreed to sign it and then later refused.

9.   During the past 15 months I have gone to tremendous effort and expense to try to get the Lease back into GENESIS' name.

10.     There is a substantial threat that Debtor will continue to suffer irreparable injury if the injunction is not granted and the assignment nullified.   All of Debtor's assets will be lost and Debtor will go out of business.   The threatened injury to Debtor outweighs the threatened harm an injunction may cause SMITH BIG OIL CORP, and the granting of an injunction will not disserve the public.   In fact, the restraining order and injunction will serve and benefit every creditor.


FURTHER AFFIANT SAYETH NOT.



_____

J. MORGAN SMITH



SUBSCRIBED AND SWORN TO Before me, the undersigned notary public, this the 2nd day of August, 2013.



_____   NOTARY PUBLIC, STATE OF T E X A S

AARON R. CLOWER
Notary Public, State of Texas
My Commission Expires
April 20, 2015

## VERIFICATION

THE STATE OF TEXAS    §

COUNTY OF HARRIS    §

On this day, J. MORGAN SMITH personally appeared before me, the undersigned notary public, and after I administered an oath to him, upon his oath, he said he had read (or that same has been read to him aloud) the foregoing Original Petition & Application for Temporary Restraining Order and that the facts in it are within his personal knowledge, and are true and correct.

_____
J. MORGAN SMITH

SWORN TO AND SUBSCRIBED before me by J. MORGAN SMITH, on the _2ND_ day of August, A. D., 2013.

_____
Notary Public - State of Texas

AARON R. CLOWER
Notary Public, State of Texas
My Commission Expires
April 20, 2015

- 16 -

ASSIGNMENT

STATE OF LOUISIANA

PARISH OF JEFFERSON

STATE LEASE 18441

KNOW ALL MEN BY THESE PRESENTS:

That Genesis Producing Company, L.P., hereinafter called Assignor, in consideration of Ten Dollars paid by Smith Big Oil Corp., a Texas corporation, and the further consideration hereinafter mentioned, has granted, bargained, sold, and conveyed and does grant, bargain, sell and convey unto Smith Big Oil Corp., a Texas corporation, hereinafter called Assignee, its successors and assigns, all Assignor's right, title and interest in and to those certain tracts of land, surface leases, Oil, Gas and Mineral Leases, mineral interests, royalty interests, overriding royalty interest and/or interest of any nature whatsoever (including the VUA; SL 18441 No. 1 situated in Section 8, Township 18 South, Range 24 East, Jefferson Parish, Louisiana (SN 234781) API No. 17051209820000), which are described in detail in Exhibit "A" attached to and made part hereof, together with all buildings and improvements erected on such lands and all personal property used in connection therewith, and all servitudes, easements and agreements appurtenant to said properties.

This assignment and conveyance shall be effective as of 7:00 a.m. on April 1, 2012.

The said Assignee agrees faithfully to carry out all the provisions of the original leases and other agreements hereby assigned, insofar as they apply to those portions of tract conveyed.

It is understood between the parties to this agreement that all conditions between the parties hereto shall extend to their successors and assigns.

IN WITNESS WHEREOF, Genesis Producing Company, L.P. and Smith Big Oil Corp. have caused this agreement and conveyance to be signed in their names by their duly authorized officers and owners.

Witnesses:

_____
Printed Name:

_____
Printed Name:

Genesis Producing Company, L.P.

By: _____
      J. Morgan Smith, President

Smith Big Oil Corp.

_____
Printed Name:

Valerie Bacilla
Printed Name:

By: _____
      Todd M. Smith, President

FILED AND RECORDED, JEFFERSON PARISH, LOUISIANA
#1216819 DATE 4/17/2012 10:16:36 AM
JON A. GEGENHEIMER, CLERK OF COURT & RECORDER
BY _____
DEPUTY CLERK & RECORDER
MB BOOK 3526 PAGE 474

ORIGINAL

SMITH-0000032

ACKNOWLEDGEMENTS

STATE OF TEXAS

COUNTY OF NUECES

This instrument was acknowledged before me on this the 11ᵗ day of
April_____, 2012, by J. Morgan Smith, President of Genesis Producing
Company, L.P., on behalf of said company.

_____Kay Aldridge_____
Notary Public, State of Texas

STATE OF TEXAS

COUNTY OF NUECES

This instrument was acknowledged before me on this the 13ᵗ day of
April_____, 2012, by Todd M. Smith, President of Smith Big Oil Corp., on
behalf of said company.

_____Fj  h·Bell_____
Notary Public, State of Texas

PHILIP R. BELL
MY COMMISSION EXPIRES
April 28, 2012

SMITH-0000033

# Law Offices Of
# JEFFREY J. TOMPKINS

Attorney at Law
1413 Brittmoore Road
Houston, Texas 77043

------------

713/787-5333
FAX 713/787-5334

Of Counsel:
Christopher D. Nunnallee

April 30, 2012

*CMRRR# 7009 0960 0000 2928 8017*
*and Via Fax 713-975-7139*

Mr. James Whitson, Jr.
7660 Woodway, No. 312
Houston, Texas   77063
713-975-8963

Re:  State Lease No. 18441 No. 1 situated in Section 8,
Township 18 South, Range 24 East, Jefferson Parish,
Louisiana (SN 234781) (API No. 17051209820000) (the
"Lease").

Dear Mr. Whitson:

Through error, mistake or fraud an Assignment was made by
GENESIS PRODUCING COMPANY, L.P. to SMITH BIG OIL CORP.  You are
hereby put on notice that notwithstanding such Assignment you
are to continue to make payments concerning the Lease to GENESIS
PRODUCING COMPANY, L.P.

Please call the undersigned if you have any questions.

Yours very truly,

Jeffrey J. Tompkins

JJT/pt

cc:  GENESIS PRODUCING COMPANY, L.P.

\C:MYDOCUMENTS:GENESIS:WHITSON.2012.1211.LTR\



WATT BECKWORTH

Watt Beckworth Thompson Henneman & Sullivan LLP
1800 Pennzoil Place—South Tower
711 Louisiana Street
Houston, Texas 77002
Tel: (713) 650-8100   Fax: (713) 650-8141
wattbeckworth.com

Dick Watt
(713) 333-9101
dwatt@wattbeckworth.com

May 10, 2012

Mr. Jeffrey J. Tompkins                    *Via Facsimile (713) 787-5334*
Law Offices of Jeffrey J. Tompkins          *and First Class U.S. Mail*
1413 Brittmore Road
Houston, Texas 77043

Re:   State Lease No. 18441 No. 1 situated in Section 8, Township 18 South, Range 24
      East, Jefferson Parish, Louisiana (SN 234781) (API No. 17051209820000)

Dear Mr. Tompkins:

I have been retained by Todd Smith and Smith Big Oil Corp. regarding your letter dated
April 30, 2012 to Mr. James Whitson, Jr. regarding the State Lease No. 18441 No. 1 Well in
Jefferson Parish, Louisiana. You are advised that the Assignment from Genesis Producing
Company, L.P. to Smith Big Oil Corp. was not made as a result of "error, mistake or fraud," but
was part of a legitimate business transaction. Accordingly, the Assignment is valid and
subsisting, and you are instructed to make all payments to Smith Big Oil Corp. You will be held
liable for payments made otherwise.

Please call me if you have questions.

Sincerely,

Dick Watt

cc:   Mr. Todd M. Smith                     *Via Electronic Mail*
      Smith Big Oil Corp.                    *todd@smithteamtx.com*
      8015 Golden Harbour
      Missouri City, Texas 77459

      Mr. James Whitson, Jr.
      7660 Woodway, No. 312                  * *Via Facsimile (713) 975-7139*
      Houston, Texas 77063